# STATE OF MICHIGAN

# COURT OF APPEALS

TAMMY HERNANDEZ,

        Plaintiff/Appellee/Cross-Appellant,

v

HUGO HERNANDEZ,

        Defendant/Appellant/Cross-
        Appellee.

UNPUBLISHED
November 18, 2014

No. 322164
Eaton Circuit Court
Family Division
LC No. 05-000784-DM

Before: OWENS, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals by right the trial court's order denying his verified motion to modify custody of three of the parties' four minor children (triplets), arguing that the trial court failed to properly consider the minors' preferences and failed to receive the majority of the evidence he intended to introduce in support of his allegations. Plaintiff cross-appeals the same order, asserting that the trial court was required to impose sanctions on defendant for making false allegations in his verified motion. For the reasons explained below, we affirm.

## I. FACTS

Pursuant to the parties' 2007 judgment of divorce, they share legal custody of their four minor children: plaintiff retained primary physical custody of the minors, and defendant had parenting time on alternate weekends and for four nonconsecutive weeks during the summer. In March 2014, defendant filed a verified motion to modify custody of the triplets. In his verified motion, defendant attempted to demonstrate proper cause and a change of circumstances through allegations that plaintiff allowed her parents to permanently move into her household without having sufficient space to accommodate them and that their presence prompted physical and verbal conflicts with the minors. Defendant argued that the situation had a negative and substantial effect on the triplets' well-being. Defendant also alleged that plaintiff recently exhibited a pattern of irresponsible behavior, asserting that she has dropped the children off without notice, that she was unwilling to participate in the minors' medical care, and that as a result of these changes to the minors' environment, one minor had exhibited a psychiatric decline.

A Friend of the Court investigator drafted a proposed order denying defendant's motion, to which defendant objected. At a subsequent hearing, defendant asserted that the primary issue warranting a change of custody was plaintiff's decision to move her parents into her household and problems arising from that decision. The trial court received testimony from plaintiff, plaintiff's mother, and defendant, but denied defendant's request to call the FOC investigator and one of the minors as fact witnesses. The trial court also declined to conduct an in camera interview of one of the minors to ascertain her custodial preference.

Plaintiff testified that her parents live in Florida and have never lived with her and the minors, but that her parents do come to visit in the summer and around the Christmas holiday. Plaintiff's mother similarly testified that she lived in Florida but spent time in Michigan during the summer and around the Christmas holiday. She explained further that when she was in Michigan, she would split time between plaintiff and her other daughter, who also lived in Michigan, and that she had not spent much time with plaintiff the previous summer. She explained that she stayed with plaintiff and the minors for several days over the previous Christmas holiday, but that she returned to Florida on January 2, 2014 and had spent a total of two weeks with plaintiff in 2014. Defendant acknowledged that he was mainly aware that plaintiff's parents stayed with her for significant amounts of time in the summer months and that they come and go during the rest of the year, staying for two to three days at a time.

In denying defendant's motion, the court stated that plaintiff's mother's testimony was credible and showed that plaintiff's parents had not spent a significant amount of time with plaintiff since the summer of 2012. The court stated that it was considering sanctioning defendant for making the verified allegation that plaintiff's parents were permanently living with her and the minors when he knew they only spent their summers there and had not spent much time there since the summer of 2012. The court allowed defendant to re-testify regarding his allegations, and defendant testified that he believed his allegations were true based on what the minors told him and that he did not know whether plaintiff's parents have a house in Florida that they stay in during the winter. The court stated that defendant's testimony was "fair," considering that defendant is a layperson and that it was not going to impose sanctions. The court also denied plaintiff's request for attorney fees and costs. On appeal, defendant appeals the trial court's denial of his motion to change custody, and plaintiff appeals the trial court's refusal to impose sanctions.

## II. DEFENDANT'S APPEAL

"[A]ll orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28; *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). "Under the great weight of the evidence standard, this Court defers to the trial court's findings of fact unless the trial court's findings 'clearly preponderate in the opposite direction.'" *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009) (citation omitted).

A party seeking to modify a judgment affecting child custody must first demonstrate by a preponderance of the evidence a "proper cause" or "change of circumstances" sufficient to warrant the modification. MCL 722.27(1)(c). See *Vodvarka v Grasmeyer*, 259 Mich App 499,

508; 675 NW2d 847 (2003). "[I]f the movant does not establish proper cause or change in circumstances, then the court is precluded from holding a child custody hearing." *Id.* The terms "proper cause" and "change of circumstances" are construed differently, depending on whether the proposed modification changes the minor's established custodial environment or merely adjusts parenting time. *Shade v Wright*, 291 Mich App 17, 28-29; 805 NW2d 1 (2010). Here, there is no dispute that defendant seeks to modify the minors' established custodial environment by transferring sole physical custody from plaintiff to himself.

When a proposed modification changes a minor's established custodial environment, "proper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken," and the grounds "should be relevant to at least one of the twelve statutory best interest factors" under MCL 722.23. *Vodvarka*, 259 Mich App at 511. To establish a change of circumstances sufficient to change a minor's established custodial environment, "a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id.* at 513 (emphasis in original). "[T]he evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child." *Id.* at 513-514.

As with proper-cause determinations, a change-of-circumstance determination will be "made on the basis of the facts of each case, with the relevance of the facts presented being gauged by the statutory best interest factors." *Id.* at 514. But an evidentiary hearing is not necessary to resolve these initial questions, as "the court can accept as true the facts allegedly comprising proper cause or a change of circumstances, and then decide if they are legally sufficient to satisfy the standard." *Id.* at 512. In other words, "[t]he trial court is merely required to preliminarily determine whether proper cause or a change of circumstances exists before reviewing the statutory best-interest factors with an eye to possibly modifying a prior custody order." *Mitchell v Mitchell*, 296 Mich App 513, 518; 823 NW2d 153 (2012).

Defendant first argues that the trial court erred by refusing to interview the minors regarding their preferences. However, the trial court was permitted to accept defendant's allegation regarding the minors' preferences as true, *Vodvarka*, 259 Mich App at 512, but because preferences are only one factor relevant under MCL 722.23, the trial court was not required to give their preferences great weight, *Curylo v Curylo*, 104 Mich App 340, 344, 349; 304 NW2d 575 (1981). Moreover, a change in a child's preference regarding the custodial parent will rarely justify revisiting a custody determination because

> [t]he preferences of the children may be too easily influenced by the break-up of the marriage and competition for their love between the parents. If the children's changed preferences required the grant of a motion for a new trial, the courts would be encouraging the parents to use their children as pawns in the marital break-up. This situation would place undue emotional pressure on the children and parents alike. We will do nothing which might encourage immature parents to use their immature offspring in a high stakes games of psychological roulette. [*Id.* at 349.]

The trial court did not err in refusing to interview the minors regarding their preferences.

Next, defendant argues that the trial court erred by refusing to hear the evidence he believed supported his allegations, including the minors' testimony of alleged physical and verbal conflicts with plaintiff's parents, and that the trial court made factual findings that were unsupported from the record, including findings that the minors were doing well in school and that the child with the mental health issues, MFH, was having the situation addressed.

Defendant's argument is unsupported by the record. At the hearing on his motion to modify custody, defendant expressed an interest in calling four witnesses: himself, MFH, plaintiff, and the FOC investigator. On appeal, defendant does not argue that the trial court erred in denying his request to call MFH or the FOC investigator as fact witnesses, and defendant's other proposed witnesses were permitted to testify. Defendant does not identify any other evidence that he was precluded from introducing. Moreover, the trial court had no obligation to receive any testimony and was entitled to accept defendant's allegations as true. *Vodvarka*, 259 Mich App at 512.

Defendant also fails to show that the trial court made factual findings that were unsupported by the record. Plaintiff's mother, found credible by the trial court, testified that the minors were "doing wonderfully," that they "get along at school," and that she knew from seeing their report cards that they were getting mostly As and Bs, with an occasional C. Regarding MFH's medical issue, plaintiff correctly points out that defendant's counsel conceded at the motion hearing that the primary justification for changing custody was the alleged altered condition of plaintiff's household with her parents as permanent residents, as opposed to the child's medical concerns. Moreover, defendant made no allegation that the medical issue was not being addressed, and he points to no attempt on his part to elicit testimony regarding this issue at the motion hearing. Also, defendant does not argue that the trial court erred in concluding that her one medical issue would not warrant an entire custody investigation. Accordingly, defendant has failed to show that the trial court's findings were against the great weight of the evidence, or that it erred in denying his motion to modify custody.

## II. PLAINTIFF'S CROSS APPEAL

"A trial court's findings with regard to whether a claim or defense was frivolous, and whether sanctions may be imposed, will not be disturbed unless it is clearly erroneous." *1300 Lafayette East Coop v Savoy*, 284 Mich App 522, 533; 773 NW2d 57 (2009). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

MCR 2.114 provides, in relevant part, as follows:

(D) The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that

(1) he or she has read the document;

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(E) If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

Plaintiff argues that sanctions against defendant were mandatory once the trial court determined that defendant knowingly made false allegations in his verified complaint, i.e., that plaintiff's parents were permanently residing in her home.

At one point during the hearing on defendant's motion to modify custody, the trial court opined that defendant had falsely alleged that plaintiff's parents "now permanently reside in [her] household" because he was aware that her parents had not spent a substantial amount of time with her since the summer of 2012. However, after defendant further testified that he believed his characterization of the living arrangements based on what the minors told him, the trial court said "[t]hat's fair," that his testimony was "helpful because [he] is a layperson," and that while defendant's attorney should have done due diligence to make sure the verified complaint was accurate, it was not going to issue sanctions. Although the trial court's factual findings are somewhat murky, its comments suggest that it found that defendant's allegations were well-grounded in fact to the best of his knowledge, information, and belief, formed after making an inquiry of the minors. Given defendant's testimony, the trial court was not clearly mistaken in so finding. Accordingly, the trial court did not clearly err in determining that sanctions were not appropriate.

We affirm. As the prevailing party, plaintiff may tax costs pursuant to MCR 7.219.


/s/ Donald S. Owens
/s/ Jane E. Markey
/s/ Deborah A. Servitto

-5-