*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DANIELLE R. ROYDES,

        Plaintiff-Appellant,

v

JACK M. ROYDES II,

        Defendant-Appellee.

UNPUBLISHED
January 15, 2019

No. 343114
Iron Circuit Court
Family Division
LC No. 16-005417-DM

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals by delayed leave granted the trial court's order denying plaintiff's motions for reconsideration and to reopen proofs following the court's earlier decision in which it awarded the parties joint physical and legal custody of the parties' three children and declined to change the children's domicile from Michigan, where defendant resides, to Texas, where plaintiff resides. On appeal, plaintiff challenges the trial court's custody ruling, but she does not present any argument against the court's domicile ruling. We reverse and remand for further proceedings.

The parties were married in August 2004 in Georgia. The parties have three minor children, ER, born in 2005, JR, born in 2007, and MR, born in 2009. Plaintiff asserted that in August 2016, an incident occurred in which defendant pushed her hard against a counter, resulting in an arm injury. Defendant's account of the incident is that plaintiff jumped on his back when he tried to leave the marital home, that he was able to get outside, that he then heard a crash behind him, and that he went back inside the house and discovered that plaintiff "had backed up on this counter." Plaintiff left the marital home with the three children and obtained a personal protection order (PPO) against defendant. Defendant was charged with domestic assault, but the charge was dismissed when plaintiff apparently did not pursue it. And the PPO was terminated when, according to defendant, plaintiff agreed to dismiss it.

In September 2016, plaintiff filed a complaint for divorce. At that time, plaintiff and defendant were both residing in Iron County, Michigan. Thereafter, plaintiff, who had no

relatives in Michigan, moved to Texas, where she had many family members. The minor children joined plaintiff in Texas. In October 2016, defendant filed an answer to the complaint along with a counterclaim for divorce. The Friend of the Court (FOC) held a conciliatory conference in November 2016, which plaintiff participated in via phone. The FOC recommended that the parties have joint legal custody of the children and that physical placement of the children be with plaintiff "at her current residence listed at the commencement of this action." The FOC recommended that defendant have reasonable parenting time. The FOC recommendation further provided that "[a] parent whose custody or parenting time of a child is governed by this order shall not change the legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action."

In December 2016, defendant filed objections to the FOC recommendation. On June 16, 2017, a trial was conducted in regard to domicile, custody, parenting time, and child support. At the conclusion of the trial, the court established an interim parenting-time arrangement pursuant to which the children were to return to Michigan and defendant on July 1, 2017. On July 25, 2017, the trial court rendered a decision from the bench. The court first tackled the issue of domicile, examining the factors set forth in MCL 722.31(4) and determining that the children's domicile would remain in Michigan. With respect to custody, the trial court first ruled that the children's established custodial environment was with both parties. The court then examined, considered, and weighed the statutory best-interest factors, MCL 722.23. The court concluded that there was no clear and convincing evidence that the joint custodial environment should be changed. The trial court determined that "the factors are relatively equal." The court further observed, "I think weighing the factors suggests that there[] still should be a joint physical custody environment." On an interim basis, the trial court awarded plaintiff parenting time with the children from August 5, 2017, through August 27, 2017, at which time defendant would be "permitted to enroll and have the parties' minor children attend school in Iron County, Michigan." The court indicated that a final decision on the specifics of parenting time and child support would be issued at a later date, noting that parenting time might be influenced by whether plaintiff decided to stay in Texas or return to Michigan in light of the domicile ruling.

On September 1, 2017, plaintiff filed motions for reconsideration and to reopen proofs which focused on defendant's care of the children in July and early August 2017. Plaintiff asserted that defendant had quit his job in Michigan and took the children to Wisconsin to engage in logging operations. She claimed he would leave the children unattended through the day at a lakeside campground, relying on 12-year-old ER to care for her siblings in dangerous conditions. She further alleged that defendant ignored the children's medical needs and complaints, and failed to obtain appropriate medical care for them. On October 13, 2017, a full evidentiary hearing was commenced on the motions. It was continued on November 2, 2017. We discuss below the nature of the evidence presented at the hearing.

On November 6, 2017, the trial court rendered a ruling from the bench on plaintiff's motions for reconsideration and to reopen proofs. The court revisited the issue of domicile under MCL 722.31, but found, as it had earlier, that plaintiff's move to Texas would not serve to improve the quality of the children's lives. The trial court determined that plaintiff's income from her job in Texas was not substantially different from what her income had been in Michigan. The court agreed that defendant's care of the children while they were in his custody

in Wisconsin was completely inappropriate, but it reaffirmed its earlier decisions regarding domicile and custody. The trial court stated that plaintiff had "not demonstrated by clear and convincing evidence that [the established custodial] environment should be changed." But the trial court also observed:

> I believe what I have done is make a decision that's based on the law, it's based on facts, and it's based on evidence and I am not reversing or going to go into a best interest analysis all over again because the evidence just has not risen to the level that would allow this [c]ourt to find that there's been a significant change of circumstances or proper cause for me to re-evaluate. Nor has there been palpable error that I believe needs to be corrected.

Following the evidentiary hearing, an order was entered on November 27, 2017, in which the trial court ruled:

> Plaintiff's motions to modify custody/physical placement of the children and/or the domicile of the children and for reconsideration and request to reopen proofs are denied for the reason that no palpable error and/or no material change of circumstances have been shown that would require the [c]ourt to modify or change its original ruling on the issue of physical placement/custody of the children or the domicile of the children.

We note that plaintiff did not technically file a motion to modify physical custody or the children's domicile. But at the start of the evidentiary hearing, the trial court had indicated that plaintiff's motions for reconsideration and to reopen the proofs could also be characterized as a request to modify prior rulings on custody and domicile.

A judgment of divorce was entered on December 7, 2017. The divorce judgment awarded the parties joint legal and physical custody. With respect to parenting time, the judgment provided that the matter "shall be referred to the Friend of the Court to make a determination." The divorce judgment also provided that "[t]he children's primary residence shall be in Iron County, Michigan[.]" Pursuant to an order entered on December 14, 2017, which was predicated on a conciliatory conference, a parenting time arrangement was set forth by the court. Plaintiff was awarded parenting time during Christmas breaks, spring breaks, summer breaks, and Thanksgiving breaks relative to the children's school schedules. This Court subsequently granted plaintiff's delayed application for leave to appeal. *Roydes v Roydes*, unpublished order of the Court of Appeals, entered September 14, 2018 (Docket No. 343114).

On appeal, plaintiff argues that the trial court erred by failing to award her custody of the children when defendant repeatedly left the children alone for eight or more hours at various campgrounds with little food and inadequate cellphone service, and where the children were instructed to use an open fire and allowed to swim and use a power boat without an adult present.

In *Sinicropi v Mazurek*, 273 Mich App 149, 155; 729 NW2d 256 (2006), this Court, relying primarily on MCL 722.28, addressed the standards of review applicable in child custody cases, observing:

There are three different standards of review applicable to child custody cases. The trial court's factual findings on matters such as the established custodial environment and the best-interests factors are reviewed under the great weight of the evidence standard and will be affirmed unless the evidence clearly preponderates in the opposite direction. In reviewing the findings, this Court defers to the trial court's determination of credibility. A trial court's discretionary rulings, such as the court's determination on the issue of custody, are reviewed for an abuse of discretion. Further, pursuant to MCL 722.28, questions of law in custody cases are reviewed for clear legal error. [Citations and quotation marks omitted.]

This case presents quite a procedural quagmire given the events that transpired in the trial court; therefore, we must initially set the proper procedural framework for our review. On the basis of evidence presented at the trial on June 16, 2017, the trial court found that an established custodial environment existed with both parties, that the statutory best-interest factors were relatively equal, and that plaintiff did not present clear and convincing evidence that the joint established custodial environment should be altered. Thus, the trial court ordered that the parties have joint physical custody of the children, which ruling was later incorporated into the judgment of divorce.

MCL 722.27(1)(c) provides that in a custody dispute, a trial court, for the best interests of the child at the center of the dispute, may "modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances." However, the court is not permitted to "modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." *Id.* "These initial steps to changing custody—finding a change of circumstance or proper cause and not changing an established custodial environment without clear and convincing evidence—are intended to erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders." *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003) (quotation marks omitted).[1]

---

[1] In *Pierron v Pierron*, 486 Mich 81, 92-93; 782 NW2d 480 (2010), our Supreme Court touched on the next step of the analysis, explaining:

> If the proposed change would modify the established custodial environment of the child, then the burden is on the parent proposing the change to establish, by clear and convincing evidence, that the change is in the child's best interests. Under such circumstances, the trial court must consider all the best-interest factors because a case in which the proposed change would modify the custodial environment is essentially a change-of-custody case.

The statutory best-interest factors are set forth in MCL 722.23.

Given that the trial court ordered joint physical custody based on the evidence presented at the trial on June 16, 2017, and that plaintiff essentially sought a modification or amendment of that custody ruling based on events that occurred later, in July and early August 2017, plaintiff's motions for reconsideration and to reopen proofs must be viewed as a request to change custody subject to the demands of MCL 722.27(1)(c). As such, the first step in the analysis is to determine whether plaintiff had established proper cause or a change of circumstances, applying a preponderance of the evidence standard. *Vodvarka*, 259 Mich App at 508-509.

Because the trial court determined that plaintiff had failed to establish a change of circumstances or proper cause, it refused to revisit the statutory best-interest factors.[2] We note that in her brief on appeal, plaintiff jumps straight to the issue of whether there was clear and convincing evidence under the statutory best-interest factors to change the established custodial environment. She neither raises nor addresses the preliminary step of establishing proper cause or change of circumstances. However, considering the fairly convoluted procedural history of this case, we nonetheless address the threshold issue of whether there was a change of circumstances or proper cause. In *McRoberts v Ferguson*, 322 Mich App 125, 131-132; 910 NW2d 721 (2017), this Court explained:

> Proper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken. In order to establish a change of circumstances, a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed. To constitute a change of circumstances under MCL 722.27(1)(c), the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. [Citations, quotation marks, and alterations omitted.]

With respect to the issue of "proper cause," the criteria outlined in the statutory best-interest factors "should be relied on by a trial court in deciding if a particular fact raised by a party is a 'proper' or 'appropriate' ground to revisit custody orders." *Vodvarka*, 259 Mich App at 512. In regard to "change of circumstances," the relevance of facts presented should also "be[] gauged by the statutory best interest factors." *Id.* at 514.

The events that took place in Wisconsin are troubling and easily established a change of circumstances and proper cause as necessary to revisit the issue of custody and the best-interest factors. Indeed, the fact that defendant quit his job and went to Wisconsin with the children to

---

[2] Although the trial court's ruling was a bit unclear at times, the court did state from the bench that it was not "going to go into a best interest analysis all over again" or "re-evaluate" the factors because plaintiff had not made a sufficient showing of a change of circumstances or proper cause. And the trial court's order on the matter indicated that there was no change of circumstances or proper cause, as would be required to modify or change its original ruling.

pursue a logging opportunity probably sufficed in and of itself to satisfy the statutory threshold to modify a prior custody order. Regardless, defendant's serious failure to properly care for the children while in Wisconsin demands further proceedings.

At the evidentiary hearing in the fall of 2017, defendant testified that he quit his full-time job in Michigan, which paid $18 per hour, to go to Wisconsin to take over a logging business, that he took the children with him, that they lived in a tent for the first four or five days, that he left 12-year-old ER to care for her younger siblings while he worked during the day, that he allowed the children to use a motorboat absent his or any adult's presence, and that he taught ER to drive and allowed her to do so on a private logging road. Defendant further testified that he and the children then moved into a cabin in the area, where he again relied on ER to watch her siblings while he worked.

ER testified that defendant would call to check on them periodically during the day, but he did not return for lunch. If ER could not get a fire going, she and her siblings would eat Beefaroni out of the can or cold hot dogs. ER testified that during the day she and eight-year-old MR would swim in the lake and catch frogs, occasionally joined by JR, who stayed at a friend's house a few days a week. ER explained that she used a microwave when they moved into the cabin. ER further testified that she gave JR his medication until defendant started doing it; however, defendant often forgot to give JR his medicine. ER indicated that there were no showers at the campsite and that she developed a skin infection "on her private area," which defendant essentially did not address. ER also complained about stomach pain that she was experiencing, and when she told defendant that she needed Mira LAX, he failed to get it for her. ER believed that MR was having constipation issues.

Plaintiff testified that when the children were returned to her care, she took MR and ER to the doctor. The doctor, who was told by ER that she had bathed in a lake, informed plaintiff that ER's rash was caused by a hygiene problem. The doctor told plaintiff that MR had constipation.

The evidence presented at the evidentiary hearing was certainly relevant to defendant's "capacity and disposition" to provide the children with "guidance," MCL 722.23(b), and to provide them "with food, . . . medical care, or other remedial care," MCL 722.23(c). The evidence also seriously called into question whether the environment defendant established for the children was "stable [and] satisfactory." MCL 722.23(d). In sum, plaintiff established a change of circumstances and proper cause for purposes of MCL 722.27(1)(c), and we conclude that the trial court failed to adequately weigh and consider the living situation and events that transpired in Wisconsin.

Because plaintiff established both a change of circumstances and proper cause, the trial court erred in not revisiting the best-interest factors and must do so on remand. On remand, the trial court is also free to review the domicile question, especially if the court awards physical custody of the children to plaintiff.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. Having fully prevailed on appeal, plaintiff may tax costs under MCR 7.219.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Brock A. Swartzle