VODVARKA v GRASMEYER

Docket No. 248058. Submitted October 8, 2003, at Grand Rapids. Decided
    December 2, 2003, at 9:00 A.M.

Toni M. Vodvarka filed a paternity action in the Mason Circuit Court
    against Ronald L. Grasmeyer. The defendant signed an acknowledg-
    ment of paternity following genetic testing. The court, Richard I.
    Cooper, J., entered an order the next day that established the
    defendant as the father of the child at issue, ordered the defendant
    to pay certain confinement costs, awarded the plaintiff custody of
    the child, and gave the defendant unspecified reasonable visitation.
    The defendant filed a petition for custody that same day. The plain-
    tiff filed an answer and a motion to dismiss the petition for cus-
    tody. The court granted the plaintiff's motion to dismiss, holding
    that the defendant failed to establish either proper cause or a
    change of circumstances sufficient to warrant review of the cus-
    tody order. The court noted that it was restricted to considering
    events occurring between the time the custody order was entered
    and the time the motion was filed, but added that if something else
    had occurred since the filing of the motion, the court would also
    consider that evidence. The defendant appealed from the order
    denying his petition for custody.

    The Court of Appeals *held*:

    In determining if a change of circumstances had occurred, the
    trial court was limited to basing its decision on events occurring
    after entry of the most recent custody order. In determining the
    existence of proper cause, the court should generally limit its con-
    sideration to events occurring after entry of the most recent cus-
    tody order but, as in this matter, there may be unusual cases where
    this general rule is not applicable. Here, the defendant produced
    sufficient evidence establishing proper cause to hold a child cus-
    tody hearing. The order appealed from must be reversed and the
    matter must be remanded for further proceedings.

    1. The Child Custody Act provides that if a child custody dispute
    has arisen from another action in the circuit court, the court may
    modify or amend its previous judgments or orders for proper cause
    shown or because of a change of circumstances. MCL 722.27(1)(c).
    The movant has the burden of proving by a preponderance of the

evidence that either proper cause or a change of circumstances exists before the court can consider whether an established custodial environment exists and conduct a review of the best interest factors.

2. "Proper cause" is an appropriate ground for legal action to be taken, and means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken. The trial court should use the best interest factors outlined in MCL 722.23(a)-(l) in deciding if a particular fact raised by a party is a "proper" or "appropriate" ground to revisit a custody order.

3. To establish a "change of circumstances" under MCL 722.27(1)(c) a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed. The relevance of the facts presented should again be gauged by the statutory best interest factors.

4. The defendant, under the peculiar procedural circumstances of this case, was deprived of the opportunity to inform the trial court of any facts regarding which possible custodial arrangement would be in the child's best interest. The facts constitute proper cause to require the trial court to review the statutory best interest factors and determine which parent, or perhaps both parents, should be the child's primary caregiver.

Reversed and remanded.

1. PARENT AND CHILD — CHILD CUSTODY — WORDS AND PHRASES — PROPER CAUSE.

A movant seeking to establish "proper cause" necessary to revisit a child custody order under MCL 722.27(1)(c) must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court; an appropriate ground should be relevant to at least one of the twelve statutory best interest factors, MCL 722.23(a)-(l), and must be of such magnitude that it has a significant effect on the child's well-being.

2. PARENT AND CHILD — CHILD CUSTODY — WORDS AND PHRASES — CHANGE OF CIRCUMSTANCES.

A movant seeking to establish a "change of circumstances" necessary to revisit a child custody order under MCL 722.27(1)(c) must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed; the

relevance of the facts presented should be gauged by reference to the statutory best interest factors outlined in MCL 722.23(a)-(l).

*Michael S. Murphy, P.C.* (by *Michael S. Murphy*), for the plaintiff.

*Jeffrey C. Nellis* for the defendant.

Before: GRIFFIN, P.J., and NEFF and MURRAY, JJ.

MURRAY, J. In this paternity action, defendant appeals as of right from the April 10, 2003, custody order denying his petition for custody. The issues presented in this appeal are (1) in determining whether there was proper cause or a change of circumstances sufficient to review an order of custody, whether the trial court must limit its review to the events occurring between the date of the custody order and the date the motion for custody was filed, and (2) whether the trial court properly determined that defendant had not established proper cause sufficient to review the custody order. We hold that in determining if a change of circumstances had occurred, the trial court was limited to basing its decision on events occurring after entry of the most recent custody order. We further hold that, in determining the existence of proper cause, the court should generally limit its consideration to events occurring after entry of the most recent custody order but, as this case shows, there will be unusual cases where that rule is not applicable. Finally, we hold that defendant produced sufficient evidence establishing proper cause to hold a child custody hearing. Therefore, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

I. MATERIAL FACTS AND PROCEEDINGS

The material facts of this case are not in dispute. Plaintiff and defendant met one night in December 2001, or January 2002, and conceived the minor child at issue. The parties have not had any further relationship between that one night and the time of the relevant proceedings in the trial court. On October 22, 2002, plaintiff[1] filed a paternity complaint against defendant, alleging that defendant was the father of the child and requesting that a judgment of filiation be entered establishing the paternity of the child. Defendant was personally served with the summons and complaint on that same day, and on November 4, 2002, the court entered an order for genetic testing.

On December 5, 2002, after the genetic testing confirmed that defendant was the father of the child,[2] defendant signed a "Paternity Acknowledgment" admitting that he received a copy of the complaint, that he was aware of its contents, and that he was the father of the minor child.[3] The next day, December 6, 2002, the prosecutor submitted to the trial court a proposed order for support and expenses. The proposed order was signed only by the prosecutor, and was entered by the court without a hearing on December 6, 2002. That order established defendant as the father, ordered him to pay certain confinement

---

[1] Because plaintiff was receiving public assistance, she was represented at that time by the county prosecutor. See MCL 722.714(4).

[2] There is no suggestion in the record that defendant genuinely disputed this fact but, given the circumstances surrounding the conception, defendant wanted verification of his fatherhood.

[3] The Paternity Acknowledgment also advised defendant that he would be provided an attorney at public expense to assist him if he was unable to afford private counsel.

costs, awarded plaintiff custody of the child, and gave defendant unspecified "reasonable visitation."

Immediately upon entry of the custody order, defendant filed his petition for custody,[4] wherein defendant challenged the award of custody to plaintiff, asserting that it would be in the child's best interest for defendant to have custody of the child because he was gainfully employed, plaintiff had been harassing defendant and had assaulted him, plaintiff had previously engaged in similar behavior that resulted in her losing custody of two of her other children, and plaintiff was not cooperating with defendant during his attempts to see the child. Defendant also asserted that no established custodial environment existed, given the child's young age.[5]

Plaintiff answered defendant's petition by asserting that neither party could offer the child a more stable living environment and that she did not have counsel in the proceedings that resulted in her losing custody of two of her other children, and by denying that she ever assaulted or harassed defendant. Plaintiff further alleged that she and the child had bonded and that the child (four months old at the time) knew no other physical environment.

In addition to filing an answer, plaintiff filed a motion to dismiss the petition for custody ten days

---

[4] The petition was filed on December 6, 2002, the same date the custody order was entered. Although defendant states that the petition was filed the day after the order was entered, the record reveals both were filed on December 6, 2002.

[5] Interestingly, defendant's document was entitled "Petition *for* Custody"(emphasis added), not for a "change" in custody, despite the petition's acknowledgment of the custody order. As a result, defendant's petition did not contain a legal assertion that proper cause or a change of circumstances existed.

later.[6] The basis for the motion was that, although plaintiff had been convicted of third-degree child abuse in June 1997, defendant had nonetheless failed to establish either proper cause or a change of circumstances as required by MCL 722.27(1), a necessary prerequisite to reviewing a custody order.[7]

Defendant responded to the motion to dismiss by asserting that he did not have to establish proper cause or a change of circumstances because the custody order had been entered the day before he filed the petition, and it was the custody order that gave him standing to seek custody. Therefore, defendant argued, "the first possible date that [he] could have petitioned for custody was on December 6, 2002, and that is what he did." Defendant alternatively argued that proper cause to change custody did exist in light of plaintiff's "inappropriate behavior with respect to members of the public," the prior child protective proceedings involving plaintiff and her children, the two custody cases plaintiff had lost, and testimony showing that plaintiff continued to engage in behavior similar to that which led to her losing two of her children, i.e., abusive treatment.

---

[6] We question whether a motion to dismiss is the proper procedure for attacking another motion or petition. See MCR 2.116(C)(1)-(10). None of these subrules provide an avenue to attack the validity of another motion. Instead, these dispositive motion provisions apply to dismissals based on a lack of jurisdiction or the lack of a factual or legal basis for a claim.

[7] Interestingly, plaintiff's motion was not initially accompanied by a brief, despite its raising a legal issue. See MCR 2.119(A)(2). We also note that the brief eventually filed by plaintiff was untimely filed and served on March 17, 2003, two days before the hearing and after defendant had responded to the motion. See MCR 2.116(G)(1)(a)(i) (assuming the motion was properly denoted as one to dismiss) and MCR 2.119(C)(2) (response to be filed and delivered by hand no more than three days before the hearing). Neither defendant nor the trial court articulated any concern for these apparent procedure pitfalls.

As noted, plaintiff filed her brief in support of the motion to dismiss after defendant filed his response to the motion. In her brief, plaintiff argued that defendant was required to demonstrate that there was proper cause or a change of circumstances based on events occurring after the entry of the custody order and up to the filing of defendant's motion, which in this case was essentially one day. Plaintiff argued that an unpublished opinion of this Court compelled such a conclusion.[8]

Oral argument was held on plaintiff's motion to dismiss on March 19, 2003. After hearing the parties' respective arguments, the trial court granted plaintiff's motion, holding that defendant failed to establish either proper cause or a change of circumstances to warrant review of the custody order:

> All right. It's the Court's understanding that in a paternity situation the Order of Paternity does recognize the legal standing of both parties.
>
> And although it's being argued that it's boiler plate language, it is language of substance, i.e. it says who the father is, and it points out in virtually every Paternity Order I have seen it's the mother who has child custody.
>
> And the fact that in virtually every paternity case that I have seen where the father does not acknowledge paternity, and we go through blood testing so he's understandably reassured he is the father, and then there's an acknowledgment, the Court has never seen a case where the mother doesn't start out with custody.
>
> \*    \*    \*
>
> But again, we don't have that in this situation. What we have here is what we commonly refer to as a one-night-situ-

---

[8] An unpublished opinion is not precedentially binding under the rule of stare decisis. MCR 7.215(C).

ation. And Defendant understandably wanted a blood test to make sure he is the father.

But the Paternity Order itself is of substance. And based upon the blood testing it says the mother has custody and it's Defendant that is the father.

Now, this matter that is being referred to today where there must be a change in circumstances or sufficient cause to change, that is rather recent, but it does not negate or void the concepts that I'm focusing on, i.e. in this type of paternity situation custody does start out with the mother.

And there has to be some showing along the way that she is not a fit mother in order to invoke a change of circumstances, or something else has to come up, she's not fit or something else which could be recognized as a legal change in circumstances.

And I'm simply not hearing that in this case. I do recognize, I do remember some of the earlier history. And there are times when Plaintiff has had her problems.

But I have also seen a plural number of cases that people who have had problems like Plaintiff managed to get on top of those problems and managed to improve and managed to do a better job subsequently.

And so what happens at this point is if Plaintiff, in fact, is benefiting [sic] from counseling and/or parenting classes and/or things that a person needs to do so that they can be a proper parent, the Paternity Order simply continues.

If it turns out that she's not successfully being a mother, for whatever reason the Court might be persuaded by, then Defendant might have a basis for initiating a Petition for Change of Custody.

At this point then the Court agrees with attorney Murphy [plaintiff's attorney] that there has not been a proper or sufficient basis for a hearing, nor has there been a sufficient change in circumstances since the Paternity Order was signed to allow this matter to go to a hearing.

And this again is consistent with why the more current requirements exist, that you have to have a Court review as to see whether there has been a change in circumstances even before you do a hearing.

> Because otherwise it's too easy for parties to simply try
> to duke it out because one prefers to be the parent. And
> this current approach is intended to avoid just simply peo-
> ple going to Court because they prefer custody.
>
> With that in mind and for the reasons that I have just
> shared, Mr. Murphy, your Motion to Dismiss is granted.

In a colloquy between the court and counsel after the ruling was announced, the trial court indicated that it was restricted to considering events occurring between the time the order was entered and the time the motion was filed, but that if something else had occurred since the motion was filed, the court would also consider that evidence. Additionally, the court noted that, as an "equitable argument," it rejected the position that the father of a child resulting from a "one-night stand" had the right to the initial custody of the child.

The court thereafter entered an order granting plaintiff's motion and dismissing defendant's petition. Defendant now appeals as of right, and we reverse.

### II. ANALYSIS

In *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000), we set forth the three standards of review applicable in custody appeals:

> We apply three standards of review in custody cases. The
> great weight of the evidence standard applies to all findings
> of fact. A trial court's findings regarding the existence of an
> established custodial environment and regarding each cus-
> tody factor should be affirmed unless the evidence clearly
> preponderates in the opposite direction. *Fletcher v Fletcher*,
> 229 Mich App 19, 24; 581 NW2d 11 (1998), citing *Fletcher v
> Fletcher*, 447 Mich 871, 877-878; 526 NW2d 889 (1994). An
> abuse of discretion standard applies to the trial court's dis-

cretionary rulings such as custody decisions. *Id.* Questions of law are reviewed for clear legal error. *Fletcher, supra,* 229 Mich App 24, citing MCL 722.28; MSA 25.312(8), and *Fletcher, supra,* 447 Mich 881. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law. *Fletcher, supra,* 229 Mich App 24, citing *Fletcher, supra,* 447 Mich 881.

Accord *LaFleche v Ybarra,* 242 Mich App 692, 695; 619 NW2d 738 (2000).

The requirement that a party seeking a change in custody first establish proper cause or a change of circumstances emanates from the Child Custody Act, MCL 722.21 *et seq.* Specifically, MCL 722.27(1)(c) provides that if a child custody dispute has arisen from another action in the circuit court, the court may "[m]odify or amend its previous judgments or orders for proper cause shown or because of change of circumstances . . . ." On the basis of this language, this Court held in *Dehring v Dehring,* 220 Mich App 163, 165; 559 NW2d 59 (1996), quoting *Rossow v Aranda,* 206 Mich App 456, 458; 522 NW2d 874 (1994), that if the movant does not establish proper cause or change in circumstances, then the court is precluded from holding a child custody hearing:

"The plain and ordinary language used in MCL 722.27(1)(c); MSA 25.312(7)(1)(c) evinces the Legislature's intent to condition a trial court's reconsideration of the statutory best interest factors on a determination by the court that the party seeking the change has demonstrated either a proper cause shown or a change of circumstances. *It therefore follows as a corollary that where the party seeking to change custody has not carried the initial burden of establishing either proper cause or a change of circumstances, the trial court is not authorized by statute to revisit an otherwise valid prior custody decision and engage in a*

*reconsideration of the statutory best interest factors."*
[Emphasis added.]

These initial steps to changing custody—finding a "change of circumstance or proper cause" and not changing an "established custodial environment" without clear and convincing evidence—are intended to "erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders." *Heid v AAASulewski (After Remand)*, 209 Mich App 587, 593; 532 NW2d 205 (1995). See also *Foskett v Foskett*, 247 Mich App 1, 6; 634 NW2d 363 (2001) (recognizing the Legislature's intent in enacting the Child Custody Act was to prevent the removal of children from established custodial environments " 'except in the most compelling cases,' " quoting *Baker v Baker*, 411 Mich 567, 577; 309 NW2d 532 [1981]). The movant, of course, has the burden of proving by a preponderance of the evidence that either proper cause or a change of circumstances exists *before* the trial court can consider whether an established custodial environment exists (thus establishing the burden of proof) and conduct a review of the best interest factors. *Dehring, supra.*

### A. WHAT CONSTITUTES A CHANGE OF CIRCUMSTANCES OR PROPER CAUSE?

This Court has published minimal case law regarding what constitutes "proper cause" or a "change of circumstances" sufficient to reopen a custody issue. Those few published cases that do exist reveal that neither an intrastate change in domicile, *Dehring, supra* at 165, and the cases cited therein, nor more

minor allegations of contempt or visitation complaints, *Adams v Adams*, 100 Mich App 1, 13; 298 NW2d 871 (1980), are sufficient to establish a change of circumstances or proper cause warranting the revisiting of the child custody factors. Although these cases have resolved the issue with respect to the specific factual situations presented therein, neither this Court nor our Supreme Court has yet to set forth an objective test for courts to apply in determining what constitutes proper cause or a change of circumstances. We do so now.

The statute does not contain a definition of the terms "proper cause" or "change of circumstances." We therefore resort to the dictionary to determine the plain meaning of these words. *Koontz v Ameritech Services, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). Additionally, we may also consult a legal dictionary for terms that have a specific legal meaning, *Horace v City of Pontiac*, 456 Mich 744, 756; 575 NW2d 762 (1998), while also being cognizant of the context in which the terms were used. *Phillips, supra* at 22 n 1.

### i. PROPER CAUSE

"Proper" is defined as being "adapted or appropriate to the purpose or circumstances; fit; suitable." *Random House College Dictionary* (rev ed), p 1061. "Cause," which has a peculiar legal connotation, is defined as "[a] ground for legal action." Black's Law Dictionary (7th ed, 1999), p 213.[9] Taken from these sources, "proper cause" can be defined as "an appropriate ground for legal action to be taken."

---

[9] Black's, *id.*, also defines "good cause," which is quite similar to "proper cause," as "[a] legally sufficient reason."

However, we must also consider the context in which the term "proper cause" is utilized. *Phillips, supra.* As we have recognized in prior cases, the Legislature's directives that a court find "proper cause" (or a change of circumstances) before it determines the existence of a custodial environment and conducts a review of the statutory best interest factors are designed to be obstacles to revisiting custody orders. See *Foskett, supra* at 6; *Rossow, supra* at 458. Providing a stable environment for children that is free of unwarranted custody changes (and hearings) is a paramount purpose of the Child Custody Act, *Baker v Baker,* 411 Mich 567, 577; 309 NW2d 532 (1981), and therefore allowing *any* "appropriate ground for legal action" to be sufficient to revisit custody orders would in no way further that purpose. Therefore, we conclude that in context, proper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken.[10]

What facts or grounds will fall within this definition? There is no hard or fast rule, and the fact-intensive nature of these cases would perhaps not call for one. However, we believe trial courts can look for guidance in the twelve factors developed by the Legislature for determining what is in the child's best interests. MCL 722.23(a)-(l). These twelve factors are the factors to be considered in determining what custodial situation is in the child's best interests, and,

---

[10] We utilize the phrase "could have" not to invite speculation about facts that may arise in the future, but to signify that a court need not await some negative effect on a child before undertaking an examination of the child's best interests.

thus, we believe the criteria outlined in these factors should be relied on by a trial court in deciding if a particular fact raised by a party is a "proper" or "appropriate" ground to revisit custody orders. We again emphasize, however, that not just *any* fact relevant to the twelve factors will constitute sufficient cause. Rather, the grounds presented must be "legally sufficient," i.e., they must be of a magnitude to have a significant effect on the child's well-being to the extent that revisiting the custody order would be proper. Obviously, trial courts must make this factual determination case by case. Although these decisions will be based on the facts particular to each case, we do not suggest that an evidentiary hearing is necessary to resolve this initial question. Often times, the facts alleged to constitute proper cause or a change of circumstances will be undisputed, or the court can accept as true the facts allegedly comprising proper cause or a change of circumstances, and then decide if they are legally sufficient to satisfy the standard. MCR 3.210(C)(7).

In summary, to establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. When a movant has demonstrated such proper cause, the trial court can then engage in a reevaluation of the statutory best interest factors.

ii. CHANGE OF CIRCUMSTANCES

As with the term "proper cause," there has been no published judicial articulation of what actually constitutes a "change of circumstances." There is, however, a plethora of unpublished case law deciding whether the facts presented constitute a change of circumstances. As with "proper cause," we need to resort to a dictionary to determine the plain meaning of "change" and "circumstance." *Koontz, supra.* The *Random House College Dictionary* (rev ed), p 224, defines "change" as "to become altered or modified." The term "circumstances" is defined as "the existing conditions or state of affairs surrounding and affecting an agent." *Id.*, p 244. We also need to consider, as we did in defining "proper cause," the context in which the term is used. *Phillips, supra.* That context is the same as with "proper cause," i.e., to require the movant to establish a threshold of proof in order to avoid repeated custody evaluations.

In light of these definitions and purposes, we hold that in order to establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an

effect on the child. This too will be a determination made on the basis of the facts of each case, with the relevance of the facts presented being gauged by the statutory best interest factors.

### B. WHAT EVIDENCE CAN BE CONSIDERED?

Defendant argues that the trial court erred in concluding that it was limited to considering evidence arising between the entry of the order and the filing of the petition for custody in determining whether a change of circumstances or proper cause existed.[11] We agree in part. Because a "change of circumstances" requires a "change," the circumstances must be compared to some other set of circumstances. And since the movant is seeking to modify or amend the prior custody order, it is evident that the circumstances must have changed since the custody order at issue was entered. Of course, evidence of the circumstances existing at the time of and before entry of the prior custody order will be relevant for comparison purposes, but the change of circumstances must have occurred *after* entry of the last custody order. As a result, the movant cannot rely on facts that existed before entry of the custody order to establish a "change" of circumstances.[12]

---

[11] As previously noted, the trial court placed a caveat on this statement by indicating it would consider evidence arising after the petition was filed if it was relevant.

[12] It would make no difference if the order was entered after a contested hearing or if it was a stipulated order. MCR 2.602(B). In either case, the parties would have had an opportunity before the order was entered to raise or discover issues that warranted consideration by the court (in the case of a contested hearing) or themselves (in the case of a stipulated order) in resolving the custody dispute.

The same is not necessarily true for proving proper cause, though in most cases it will hold true. The phrase "proper cause" is not by the words themselves tied to a change in events as is "change of circumstances." Rather, proper cause is geared more toward the significance of the facts or events or, as stated earlier, the appropriateness of the grounds offered. However, we believe a party would be hard-pressed to come to court after a custody order was entered and argue that an event of which they were aware (or could have been aware of) before the entry of the order is thereafter significant enough to constitute proper cause to revisit the order. However, there can be such situations. This case provides such an example.

In the instant case, the custody order was entered without defendant's signature and without any type of hearing being held. Apparently, the prosecutor's office, which represented plaintiff, simply submitted the custody order to the court for its signature. This was done the day after defendant signed the acknowledgment and on the same day defendant filed his petition seeking custody. There is also no record before this Court indicating that there was a hearing held before the trial court entered the custody order and, as noted, this was not a stipulated order. As a result of this peculiar procedural circumstance,[13] the trial

---

[13] On appeal, defendant submitted an affidavit from an assistant prosecutor who testified that the prosecutor's office treats these orders as interim orders. Because this affidavit was not submitted to the trial court, we cannot consider it and it contributes nothing to our opinion. *Staff v Johnson*, 242 Mich App 521, 529 n 4; 619 NW2d 57 (2000). However, we do note that the custody order itself indicates that it is not temporary, but, instead, is a final order. We remind all involved in this case that it is not a custom or practice that controls the effect of an order. Rather, the language of the order itself is controlling.

court was not apprised of any facts regarding which possible custodial arrangement would be in the child's best interest. Although a hearing was held on plaintiff's motion to dismiss defendant's petition, that was too late for defendant because the trial court ruled that no circumstances had changed since the order was entered. That much was certainly true, because the order was entered the same day that the petition was filed. However, we conclude that proper cause did exist, which would require the court to review the child's custodial environment (to determine if one exists) and then review the statutory best interest factors.

Although most of the evidence presented in defendant's petition existed before entry of the order and defendant was aware of those facts, the procedural circumstances deprived defendant of the opportunity to inform the court of these facts.[14] Additionally, the facts supported a finding of proper cause. In addition to the procedural problems existing in this case, defendant submitted evidence that: (1) plaintiff had been convicted of third-degree child abuse; (2) plaintiff had lost custody of two of her other children; (3) plaintiff was exhibiting inappropriate behavior toward defendant; and (4) plaintiff was attempting to prohibit defendant from visiting the child. We believe these facts constitute proper cause to trigger the trial court's obligation to determine custody through a review of the statutory best interest factors. Although the trial court noted that it was possible that plaintiff

---

[14] Moreover, as defendant notes, he would not have had standing to seek custody before he signed the acknowledgement, which occurred one day earlier. *Hoshowski v Genaw*, 230 Mich App 498, 499-500; 584 NW2d 368 (1998).

had improved her parenting skills since she lost custody of two of her children, we do not believe this possibility justifies ignoring the evidence presented, which demonstrated that plaintiff has had serious problems with parenting children. Given these serious allegations, each of which was essentially undisputed and directly related to plaintiff's parenting skills, we conclude the trial court was obligated to review the best interest factors and determine which parent (or perhaps both parents) should be the child's primary caregiver.[15]

### III. CONCLUSION

In light of the foregoing, we reverse the trial court's order granting plaintiff's motion to dismiss and denying defendant's petition for custody. We remand this case to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[15] We also reject the trial court's statements that, in a paternity case, the mother should always first receive custody. There is no statutory language to that effect. Just as importantly, it is well-settled that custody decisions are to be decided exclusively under the Child Custody Act, which sets forth twelve factors, not just one, to utilize in deciding these issues. *Aichele v Hodge*, 259 Mich App 146; 673 NW2d 452 (2003).