*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KELLY VAN ASSCHE,

        Plaintiff-Appellant,

v

DEREK TATE,

        Defendant-Appellee.

UNPUBLISHED
November 10, 2022

No. 361568
Wexford Circuit Court
LC No. 2021-029870-DC

Before: SAWYER, P.J., and MARKEY and SWARTZLE JJ.

PER CURIAM.

Plaintiff and defendant have two children together. Plaintiff wanted to move to Virginia and bring the children with her. So, she petitioned for primary physical, and sole legal, custody of the children. The trial court denied her motion. We affirm.

The parties were never married, and they separated before the birth of the younger child. Plaintiff filed a petition to be awarded sole legal and primary physical custody of the older child, along with child support, and an "[o]rder that Plaintiff may move with the minor child to Virginia." Defendant opposed plaintiff's motion, requested joint legal and physical custody, and filed a counterclaim to establish parenting time and child support. Defendant's paternity of both children is not in dispute.

After a Friend of Court referee recommended that plaintiff be awarded primary physical custody, the trial court held a de novo hearing and found that the older child had an established custodial environment with both parties while they lived together. As a consequence of their separation, however, that environment had been destroyed such that no established custodial environment existed with either parent. The trial court awarded the parties joint legal and physical custody of the children, and it denied plaintiff's request to relocate out of state.

Plaintiff now appeals, challenging the trial court's findings regarding the custodial environment of the older child and the best-interest factors for both children. As an initial matter, however, this Court notes that plaintiff withdrew her appeal regarding the trial court's decision concerning domicile because "the parties reached a partial settlement providing that both parties

-1-

and the minor children will all relocate to Virginia" which "renders the portion of Appellant's appeal and Appellee's response related to the Trial Court's decision denying the relocation moot."

"A trial court's findings regarding the existence of an established custodial environment and regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction." *Vodvarka v Grasmeyer*, 259 Mich App 499, 507-508; 675 NW2d 847 (2003) (cleaned up). "The movant…has the burden of proving by a preponderance of the evidence that either proper cause or a change of circumstances exists *before* the trial court can consider whether an established custodial environment exists (thus establishing the burden of proof) and conduct a review of the best interest factors." *Id*. at 509.

> The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered. [MCL 722.27(1)(c).]

The trial court acknowledged that the Friend of Court referee had found that the older child had an established custodial environment exclusively with plaintiff, but when the trial court considered the parties' separation, and plaintiff's relocation with that child from the family home to an apartment, the trial court found that the established custodial environment had been destroyed for both parents. The testimony was sufficient to demonstrate that the older child did not have a custodial environment with either parent because the change in circumstance left the child in an apartment with the expectation that she would be moving out of state.

Plaintiff argues that the trial court erred by stating that there was a custodial environment with defendant. This argument is misplaced because it does not address that the trial court, in fact, found that there was not a custodial environment with defendant. "Issues insufficiently briefed are deemed abandoned on appeal." *People v Van Tubbergen*, 249 Mich App 354, 365; 642 NW2d 368 (2002). Because the trial court found that the older child did not have an established custodial environment with either parent, plaintiff's argument that the trial court erred by finding otherwise warrants no further consideration.

Next, plaintiff argues that the trial court erred when it found that she had not met her burden to demonstrate that the best-interest factors support her request for sole, legal custody or primary physical custody of the children. Specifically, plaintiff argues that defendant should not have had an advantage concerning MCL 722.23(d) and that the parties were not equal regarding MCL 722.23(e).

In this case, after discussing the various factors, the trial court summarized its findings as follows: "[T]here is no advantage for either parent regarding Factors (a), (b), (e), (g), (h), (i), (k), or (l). Factor (c) and (f) slightly favored Plaintiff and Factor (b) [sic, (d)] slightly favors Defendant, while Factor (j) more significantly favors the Defendant."

Factor (d) concerns the "length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity." MCL 722.23(d). After finding that

-2-

the parties' income and housing were similar, the trial court gave defendant the "slight advantage" because he remained in the family home where the older child had lived.

Plaintiff argues that the trial court placed too much emphasis on defendant's remaining in the family home because defendant testified that he was seeking new employment in several cities and he had arranged for housing in Virginia. Plaintiff ignores, however, that defendant was arranging for housing in Virginia because plaintiff planned to move there. Nevertheless, at the time of the hearing defendant remained in the family home, which was a source of stability for the older child. The trial court's finding a slight advantage to Factor (d) to defendant is not against the great weight of the evidence.

Factor (e) concerns the "permanence, as a family unit, of the existing or proposed custodial home or homes." MCL 722.23(e). Plaintiff argues that moving to Virginia would present a more permanent family unit because the children would be closer to her extended family. The trial court correctly concluded that any move would provide a new situation that did not promise greater permanence than defendant's current housing. Thus, the trial court's finding that Factor (e) did not favor either party was not against the great weight of the evidence.

Defendant argues that plaintiff ignored that Factor (j) was heavily in his favor. Plaintiff replied to argue that Factor (j) did not "more than slightly" favor defendant.

Factor (j) concerns "the moral fitness of the parties involved." MCL 722.23(j). The trial court found that plaintiff either interfered, or did not cooperate, with defendant in creating scheduled parenting time. Further, plaintiff's actions did not demonstrate a willingness to work with defendant in fostering a closer relationship with the children. Even though the trial court's finding that defendant was not offered any overnight visits with the children was without evidentiary support, there was evidence to conclude that plaintiff had withheld defendant's access to the children. For these reasons, it was not against the great weight of the evidence for the trial court to find that Factor (j) was in defendant's favor.

Affirmed.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Brock A. Swartzle

-3-