*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTI ANN PALIK,

        Plaintiff-Appellee,

v

JEFFREY JAMES PALIK,

        Defendant-Appellant.

UNPUBLISHED
July 6, 2023

No. 363995
Ontonagon Circuit Court
Family Division
LC No. 2021-000028-DM

Before: GLEICHER, C.J., and RICK and MALDONADO, JJ.

PER CURIAM.

This child custody case returns to us following a remand to the trial court.[1] On remand, the trial court issued an opinion and order affirming its prior custody determination and denying defendant's request for primary physical custody of the children without holding an evidentiary hearing or accepting submissions from the parties. By declining to hold an evidentiary hearing or accept written submissions, the trial court failed to consider up-to-date information in accordance with *Fletcher v Fletcher*, 447 Mich 871, 889; 526 NW2d 889 (1994). Consequently, we must again vacate and remand.

## I. FACTUAL BACKGROUND

In the prior appeal, this Court summarized the background of the case as follows:

        Plaintiff abruptly left defendant after approximately 10 years of marriage and took the parties' children from the couple's home in Ontonagon, Michigan, to live with her new boyfriend in Grand Marais, Minnesota. She initially lived with the children in an RV on property owned by her boyfriend's father, but that arrangement lasted only a short time until she moved into a three-bedroom

---

[1] *Palik v Palik*, unpublished per curiam opinion of the Court of Appeals, issued September 15, 2022 (Docket No. 361100).

apartment with her new boyfriend and the three children. Defendant continued to reside in the marital home in Ontonagon. At the time of the separation, defendant was employed at a job in which he would work in Wisconsin for eight days then have six days off. The initial parenting schedule accommodated defendant's work schedule, having the children reside with plaintiff when defendant was working and with defendant when he was off. Prior to and immediately after the separation, the children were homeschooled by plaintiff.

In the months following the separation, certain developments led defendant to file a motion for primary physical custody. First, defendant discovered that the children had significant educational deficiencies. Second, defendant obtained a new job that allowed him to stay in Ontonagon full-time. This job came with a significant pay-cut, however. Defendant used to earn approximately $70,000 a year, but his pay at the new job was about half of that. In light of these developments, defendant's motion requested that he be granted primary physical custody, that the children be sent to public school in Ontonagon, and that defendant's child support be decreased to a level commensurate with his decreased income.

Ultimately, the court made plaintiff the children's primary custodian, granted defendant parenting time two weekends each month, and ordered that the children attend school in Grand Marais, Minnesota. Additionally, the court found that defendant's decision to leave his job and accept such a large reduction in income was unreasonable, so it imputed income to him at a level commensurate with his prior employment. [*Palik v Palik*, unpublished per curiam opinion of the Court of Appeals, issued September 15, 2022 (Docket No. 361100), p 1.]

On appeal, this Court affirmed the trial court's ruling regarding the children's established custodial environment, but vacated the court's best-interest findings. *Palik*, unpub op at 7. The Court explained:

The trial court found that factors a, b, c, e, f, g, and h "favor neither or both parents," but it did not expand on this finding . . . . While it is permissible for a court to merely state on the record that a factor is irrelevant to its custody determination, when it concludes that a factor is relevant, it must make a record sufficient for this Court to determine whether the evidence clearly preponderates against the trial court's findings. By not providing any rationale for its finding that factors a, b, c, e, f, g, and h favor neither or both parents, the record is not sufficient for this Court to review the trial court's findings. [*Id.*, unpub op at 4 (quotation marks and citations omitted).]

This Court remanded to the trial court with directions for the court to "make explicit findings under each factor, and . . . explicitly state if any factor does not apply." *Id.*, unpub at 7. On remand, the trial court issued an opinion and order making specific factual findings regarding each of the best-interest factors and denying defendant's request for primary physical custody of the children during the school year without holding an evidentiary hearing or requesting submissions from the parties. This appeal followed.

## II. ANALYSIS

## A. *FLETCHER* VIOLATION

Defendant argues that the trial court erred by failing to consider up-to-date information on remand before issuing its revised opinion and order, consistent with *Fletcher v Fletcher*, 447 Mich 871; 526 NW2d 889 (1994). We agree.

This Court applies three separate standards of review in custody cases. *Vodvarka v Grasmeyer*, 259 Mich App 499, 507; 675 NW2d 847 (2003).

> In matters involving child custody, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. This Court will not interfere with the trial court's factual findings unless the facts clearly preponderate in the opposite direction. Discretionary rulings, including a trial court's decision to change custody, are reviewed for an abuse of discretion. In child custody cases specifically, an abuse of discretion retains the historic standard under which the trial court's decision must be palpably and grossly violative of fact and logic. Clear legal error occurs when the trial court incorrectly chooses, interprets, or applies the law. This Court reviews the trial court's determination regarding a child's best interests for clear error. This Court gives deference to the trial court's factual judgments and special deference to the trial court's credibility assessments. [*Brown v Brown*, 332 Mich App 1, 8-9; 955 NW2d 515 (2020) (quotation marks and citations omitted).]

When error occurs in a custody case, "an appellate court should remand the case for reevaluation, unless the error was harmless[.]" *Fletcher*, 447 Mich at 889. "[O]n remand, the court should consider up-to-date information, including the children's current and reasonable preferences, as well as the fact that the children have been living with [a party] during [an] appeal and any other changes in circumstances arising since the trial court's original custody order." *Id*.; see also *In re Doe*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 353796); slip op at 2 ("[i]n general, when considering a child's best interests for purposes of custody, trial courts must consider up-to-date information as of the time of the hearing, whenever that hearing occurs."). The trial court may "hear testimony and observe witnesses, but also may elicit testimony, interview children, and invoke other judicial resources to assure a thorough and careful evaluation of the child's best interests." *Id*. at 890. In addition, a trial court "should consider all the statutory factors and conduct whatever hearings or other proceedings are necessary to allow it to make an accurate decision concerning a custody arrangement that is in the best interests of [the child]." *Ireland v Smith*, 451 Mich 457, 468-469; 547 NW2d 686 (1996).

Here, the trial court erred by failing to consider up-to-date information, including the children's current and reasonable preferences and other changes in circumstances on remand, as required by *Fletcher*, 447 Mich at 889, before issuing its revised opinion and order. Accordingly, remand is required. On remand, the trial court shall consider up-to-date information submitted by

the parties, either through further submissions or during an evidentiary hearing, and use such information to make its findings of fact regarding the best-interest factors.[2]

## B. JUDICIAL DISQUALIFICATION

Defendant argues that this case should be heard before a different judge on remand to the trial court because the trial court's failure to consider updated evidence demonstrates that it would have difficulty setting aside its previous findings. We disagree.

Because defendant did not raise this issue below or move to disqualify the judge in the trial court, the issue is unpreserved. *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009); MCR 2.003. Unpreserved issues are reviewed for plain error affecting substantial rights. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Id*. at 9. "[R]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (quotation marks and citations omitted; alteration in original).

Under MCR 2.003(B), "[a] judge is disqualified when the judge cannot impartially hear a case," which may include when a "judge is personally biased or prejudiced for or against a party or attorney." However, "[t]he mere fact that a judge ruled against a litigant, even if the rulings are later determined to be erroneous, is not sufficient to require disqualification or reassignment." *Henry*, 282 Mich App at 680. Indeed, "judicial rulings, in and of themselves, almost never constitute a valid basis for a motion alleging bias, unless the judicial opinion displays a deep-seated favoritism or antagonism that would make fair judgment impossible and overcomes a heavy presumption of judicial impartiality." *Armstrong v Ypsilanti Charter Twp*, 248 Mich App 573, 597; 640 NW2d 321 (2001) (quotation marks citations omitted).

It bears noting that this Court already addressed the issue of whether this case should be reassigned to a different trial court judge on remand in defendant's prior appeal, and concluded that reassignment was not required. *Palik*, unpub op at 7. This Court rejected this argument because the fact that the trial court judge erroneously ruled against father was not sufficient to require disqualification or reassignment. *Id*., citing *Henry*, 282 Mich App at 680. Further, this Court stated that "[p]arties are not entitled to a new judge simply because the judge made some errors in ruling on legal or factual matters." *Palik*, unpub op at 8. Defendant's instant argument regarding judicial disqualification is fundamentally the same as that which was raised in the prior appeal. Defendant essentially argues that the trial court's error in failing to consider updated evidence shows that the trial court is biased against him and cannot fairly adjudicate this case. But defendant fails to allege that the trial court was deliberately biased against him, and there is no evidence in the trial court record that the trial court showed actual bias or prejudice. Defendant asserts only that the trial court ruled against him twice, and each time the trial court's rulings were

---

[2] In light of our conclusion that remand is required, we decline to consider defendant's challenge to the trial court's analysis regarding the best-interest factors under MCL 722.23.

later determined to be erroneous, which is insufficient to warrant judicial disqualification or reassignment. *Henry*, 282 Mich App at 680. Accordingly, defendant's claim lacks merit.

## III. CONCLUSION

Vacated and remanded for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado

# Court of Appeals, State of Michigan

## ORDER

Kristi Ann Palik v Jeffrey James Palik

Docket No. 363995

LC No. 2021-000028-DM

Elizabeth L. Gleicher
Chief Judge

Michelle M. Rick

Allie Greenleaf Maldonado
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court shall reevaluate whether a change in physical custody is in the childrens' best interests, with reference to up-to-date information in accordance with *Fletcher v Fletcher*, 447 Mich 871; 526 NW2nd 889 (1994). The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

Chief Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

July 6, 2023
Date

Chief Clerk