*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KARRIE KAHL,

Plaintiff-Appellee,

v

BUDDY KASTEN,

Defendant-Appellant.

UNPUBLISHED
January 15, 2026
1:38 PM

No. 372185
Livingston Circuit Court
LC No. 2020-055000-DM

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

SWARTZLE, P.J. (*concurring in the judgment*).

I concur in the judgment. Although I take no position with the substance of the majority's analysis in Part II.A, I believe that the analysis is superfluous under the facts of this case. As the majority notes, the parties agreed to a provision in an earlier consent judgment of divorce, which reads in relevant part: "At such time as [defendant] vacates his father's home and obtains his own living accommodations, the issue of parenting time shall be reviewed, the parties agreeing that [defendant] vacating his father's home constitutes a 'change of circumstances' and 'proper cause' to revisit the issue of [defendant's] *parenting time*." (Emphasis added.) Father filed a motion below to modify parenting time, but the trial court concluded that the requested modification was so substantial as to amount to a motion to change custody under *Lieberman v Orr*, 319 Mich App 68, 81; 900 NW2d 130 (2017). The majority affirms the trial court on this point, see Part II.B, and I agree.

Thus, in substance if not label, father filed a motion to change custody, not parenting time. Given this, the parties' agreement that father's moving out would constitute a "change of circumstances" and "proper cause" sufficient to revisit *parenting time* was immaterial to the dispute actually before the trial court—i.e., was there a "change of circumstances" or "proper cause" sufficient to revisit *custody*? In other words, by its own terms, the parties' agreement is limited to motions to modify parenting time, and it has no applicability to motions to change custody. I do not see why, therefore, this Court need address the claim involving the parties' consent judgment of divorce, as that judgment has no bearing on whether father can satisfy the higher standards applicable to a motion to change custody; instead, I would omit any discussion of the consent judgment and get straight to whether father satisfied the higher standards as

-1-

explained in *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003). Father's counsel conceded as much during oral argument, at least according to my understanding of counsel's position.

With that said, I do agree with the majority's analysis in Part II.B, and I conclude that this analysis is alone sufficient to affirm. Therefore, I respectfully concur in the judgment.

/s/ Brock A. Swartzle