*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TANNER MILNER,

Plaintiff-Appellee,

v

CALI ROSEBERRY,

Defendant-Appellant.

UNPUBLISHED
December 22, 2022

No. 361921
Clinton Circuit Court
Family Division
LC No. 17-027114-DC

Before: M. J. KELLY, P.J., and MURRAY and RIORDAN, JJ.

PER CURIAM.

Defendant, Cali Roseberry, appeals as of right the trial court's order denying Roseberry's motion to change custody of the parties' minor child, TJM. Roseberry argues that the trial court erred by finding that there was not proper cause or change of circumstances sufficient to warrant a modification of custody. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

Plaintiff, Tanner Milner, is TJM's father. In 2017, Roseberry and Milner separated. Pursuant to a stipulated order Roseberry and Milner shared joint legal and physical custody of TJM. In June 2021, Milner filed a motion to change custody, alleging that TJM was unsafe while in Roseberry's care because (1) TJM had an inconsistent sleep schedule due to Roseberry worked as a delivery driver from 4:00 p.m. until 11:00 p.m. and took TJM with her on her routes; (2) TJM missed a significant amount of school and was late frequently because Roseberry did not wake her up on time; and (3) Roseberry's boyfriend, who had domestic violence and substance abuse issues, was in her home frequently. In July 2021, the trial court granted Milner's motion and awarded him sole legal and primary physical custody of TJM.

In April 2022, Roseberry filed a motion to change custody, requesting that the trial court return to the custody arrangement that was in place prior to July 2021. She argued that she obtained a new job that would not force her to work late at night or bring TJM with her to work, and as a result, TJM could have a normal sleep schedule and get to school on time. She also asserted that her boyfriend made significant changes since the last custody order, including by remaining sober and obtaining therapy to address his domestic violence. Finally, Roseberry alleged that Milner

alienated TJM from her, that he emotionally abused TJM, and that TJM suffered from physical injuries because of Milner's neglect. Specifically, Roseberry alleged that Milner alienated TJM because he blocked Roseberry's phone number from TJM's phone, limited the amount of time TJM and Roseberry could speak over the phone, "demean[ed]" Roseberry, and refused to immediately take TJM to the hospital for various injuries.

The trial court held a hearing to determine whether a full evidentiary hearing was needed to address Roseberry's motion to change custody. Roseberry was permitted to make an offer of proof regarding what evidence would be presented should an evidentiary hearing be held. During the hearing, Roseberry admitted that TJM was doing well in school, that TJM had no behavioral problems, and that Milner had not denied Roseberry any parenting time or interfered with her and TJM's communications. In turn, Milner explained that he had a screen time limit on TJM's phone, but that if she was on a phone call with Roseberry when her screen time limit was reached for the day, he would allow her to have additional time to speak with Roseberry. Roseberry admitted that this happened at least once. There were also allegations that TJM was late for school multiple times. However, Milner stated that TJM was late only twice and the other "tardies" were excused. Finally, Roseberry's lawyer asserted that Roseberry's boyfriend was sober and had received therapy so he was no longer an impediment to Roseberry having custody of TJM.

The trial court determined that Roseberry had not established a sufficient change of circumstances to warrant a change of custody because the allegations did not materially and substantially impact TJM. As a result, the trial court denied the motion. Thereafter, the court denied Roseberry's motion for reconsideration.

## II. PROPER CAUSE OR CHANGE OF CIRCUMSTANCES

### A. STANDARD OF REVIEW

Roseberry argues that the trial court erred by determining that there was not proper cause or a change or circumstances sufficient to warrant revisiting the custody issue. In particular, she asserts that her boyfriend's self-improvement and her new employment amounted to a change of circumstances that would have a significant effect on TJM's well-being. "The trial court's determination whether a party has demonstrated proper cause or a change of circumstances is . . . reviewed under the great-weight-of-the-evidence standard." *Stoudemire v Thomas*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 360441); slip op at 4. "A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction." *Id*. (quotation marks and citation omitted).

### B. ANALYSIS

Under the Child Custody Act, MCL 722.21 *et seq*., a trial court may "modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances . . ." MCL 722.27(1)(c). "[P]roper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Vodvarka v Grasmeyer*, 259 Mich App 499, 511; 675 NW2d 847 (2003). A change in circumstances is demonstrated when, "since the entry of the last custody

-2-

order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed." *Id*. at 513. "The evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child." *Id*. at 513-514. A movant must present evidence that the circumstances have changed since the entry of the last custody order to demonstrate a change of circumstances. *Id*. at 514.

In this case, the trial court concluded that Roseberry did not demonstrate proper cause or a change of circumstances that had or could have a significant effect on TJM's well-being. The trial court rejected Roseberry's arguments, concluding that Milner did not alienate TJM from her mother or deny her parenting time, Milner did not emotionally abuse TJM, Milner did not act inappropriately in caring for TJM's injuries,[1] and the communications referenced by Roseberry were between the parties and did not substantially impact TJM's well-being. Those findings are supported by the record.

Moreover, the alleged positive improvements in Roseberry's boyfriend's life and her new employment did not amount to a change of circumstances that had or could have a significant effect on TJM's well-being. See *id*. at 513. The trial court's conclusion that Roseberry's boyfriend had not improved his substance abuse and domestic violence issues was not against the great weight of the evidence given that he had been sober for only a short time. Even accepting Roseberry's allegations that her boyfriend had substantially changed, none of these changes addressed TJM's fears related to the boyfriend, or explained how Roseberry's boyfriend changed his negativity toward TJM.

In addition, Roseberry's change in employment constituted a normal life change, which is insufficient to demonstrate a change of circumstances to warrant modification of custody. See *id*. at 513-514. Even if Roseberry's change in employment amounted to more than a normal life change, she still failed to demonstrate that this change had or would have a significant effect on TJM's well-being. *See id*. If Roseberry had joint custody of TJM, the fact that she changed her job would not have a significant effect on TJM's well-being because TJM was already doing well in school, did not have behavioral problems, and was attending school consistently and on time, aside from two late attendances.

In sum, without evidence demonstrating that these purported changes would affect TJM's well-being, Roseberry's motion failed to show proper cause or a change of circumstances warranting revisiting custody or even holding a hearing to determine whether Roseberry met that threshold. See *id*. at 512; MCR 3.210(C)(8). Therefore, the trial court's determination was not against the great weight of the evidence.

---

[1] Two of the injuries, in fact, occurred before the prior custody order, and as a result, the trial court did not consider them.

Affirmed.

                                        /s/ Michael J. Kelly
                                        /s/ Christopher M. Murray
                                        /s/ Michael J. Riordan