*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

COLLEEN E. CRANE,

     Plaintiff-Appellant,

v

NATHAN G. CRANE,

     Defendant-Appellee.

UNPUBLISHED
September 12, 2024

No. 369051
Oakland Circuit Court
Family Division
LC No. 2017-849887-DM

Before: LETICA, P.J., and BOONSTRA and MARIANI, JJ.

PER CURIAM.

In this child-custody dispute, plaintiff appeals by right the trial court's order denying her motion to modify legal custody and parenting time. Because disputed questions of fact remain regarding the existence of proper cause or a change of circumstances, the trial court abused its discretion by failing to hold an evidentiary hearing. We therefore vacate the trial court's order denying plaintiff's motion and remand for an evidentiary hearing.

## I. BACKGROUND

The parties divorced in September 2017 and shared joint legal and joint physical custody of their minor son, NGC.[1] Their consent judgment of divorce gave the parties near-equal parenting time. The parties equally split parenting time during the summer and major academic breaks and alternated designated holidays. Defendant was granted overnight parenting time on alternating weekends from Friday night until Monday morning and overnight parenting time on Wednesdays and Thursdays during the week following his weekend parenting time. Similarly, plaintiff was granted overnight parenting time on alternating weekends and Mondays, Tuesdays, and Fridays

---

[1] The parties also share joint legal custody of their minor daughter, VKC, but because plaintiff only moved to change custody and parenting time with respect to NGC, VKC is not subject to this appeal.

during the week following her weekend parenting time. Since then, the parties' relationship has been fraught with poor communication and acrimony, to a point where the trial court appointed a guardian ad litem (GAL) to facilitate joint-custody matters.[2]

In September 2023, plaintiff filed a motion seeking sole legal custody of NGC and a decrease in defendant's overnight parenting time to only alternating weekends from Friday evenings to Sunday mornings. Plaintiff alleged that defendant was obstructionist and noncommunicative regarding all joint-custody matters and that defendant's behavior was having a significant negative effect on NGC's behavior, health, and well-being. Plaintiff attached several documents to her motion as evidence in support of her allegations. The GAL also provided the trial court with a comprehensive report that detailed her involvement in the case, her findings of fact, her recommendations regarding legal custody and parenting time, and a multitude of exhibits as evidence in support of her findings and recommendations. The GAL noted that she had become involved in the parties' day-to-day decision-making regarding NGC's education, participation in extracurricular activities, medical needs, and various appointments because defendant was "oppositional for no clear reason." The GAL recommended that plaintiff be granted sole legal custody and that defendant's parenting time be decreased as plaintiff requested because defendant's "opposition [was] frequently contrary to" NGC's best interests.

At the hearing on plaintiff's motion, plaintiff's counsel argued that plaintiff's request to modify custody and parenting time warranted an evidentiary hearing to address disputed factual issues. The trial court declined to hold an evidentiary hearing, held that plaintiff failed to meet her burden of showing proper cause or a change of circumstances, and denied her motion to change custody and parenting time. This appeal followed.

## II. STANDARDS OF REVIEW

MCL 722.28 provides that when reviewing a lower court order in a child-custody dispute, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." This Court applies "three standards of review in custody cases." *Stoudemire v Thomas*, 344 Mich App 34, 42; 999 NW2d 43 (2022) (quotation marks and citation omitted). Factual findings, such as the lower court's determination of whether a party demonstrated proper cause or a change of circumstances, are reviewed under the great weight of the evidence standard. *Pennington v Pennington*, 329 Mich App 562, 570; 944 NW2d

---

[2] Due to incidents involving VKC, the trial court granted defendant full physical custody of the children and granted plaintiff supervised parenting time with the children until Children's Protective Services (CPS) had completed an investigation of VKC's allegations against plaintiff. After the CPS investigation had concluded and VKC's allegations were deemed unsubstantiated, plaintiff moved to restore her physical custody of the children. The court subsequently issued its November 2021 order, upon agreement of the parties, in which it restored plaintiff's unsupervised parenting time with NGC. The order closely mirrored the parties' original custody and parenting time arrangement set forth in the consent judgment of divorce, with the only notable difference being that defendant received weekday overnight parenting time on Wednesday nights only.

131 (2019). "A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction." *Id*. "Discretionary rulings . . . are reviewed for an abuse of discretion. In child-custody cases specifically, an abuse of discretion retains the historic standard under which the trial court's decision must be palpably and grossly violative of fact and logic." *Kuebler v Kuebler*, ___ Mich App ___, ___; ___NW2d ___ (2023) (Docket No. 362488); slip op at 7 (quotation marks and citation omitted). "Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Pennington*, 329 Mich App at 570 (quotation marks and citation omitted). "[U]pon a finding of error, appellate courts should remand to the trial court unless the error was harmless." *Fletcher v Fletcher*, 447 Mich 871, 882; 526 NW2d 889 (1994).

## III. ANALYSIS

On appeal, plaintiff argues that the trial court should have, at a minimum, held an evidentiary hearing before concluding that she failed to meet the threshold issue of proper cause or a change of circumstances. We agree.

In a child-custody dispute, a custody order may only be modified "for proper cause shown or because of change of circumstances . . . ." MCL 722.27(1)(c). "[T]o establish 'proper cause' necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court." *Vodvarka v Grasmeyer*, 259 Mich App 499, 512; 675 NW2d 847 (2003). "The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being." *Id*. "[T]o establish a 'change of circumstances,' a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id*. at 513. A showing of "normal life changes," good or bad, is insufficient. *Id*. "[I]f the movant does not establish proper cause or change in circumstances, then the court is precluded from holding a child custody hearing[.]" *Id*. at 508.

This threshold requirement to changing custody is intended as "a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders," and it is a factual determination that must be decided on a case-by-case basis. *Id*. at 509, 512 (quotation marks and citation omitted). This fact-intensive inquiry may involve an evidentiary hearing, but one is not necessarily required. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). For instance, an evidentiary hearing is not required when (1) the alleged facts are undisputed or (2) the alleged facts, even if true, are legally insufficient to demonstrate proper cause or a change of circumstances. *Vodvarka*, 259 Mich App at 512. Whether an evidentiary hearing is necessary is a discretionary decision that depends on the facts of each case. *Id*. Such discretion is reflected in MCR 3.210(C)(8), which provides:

> In deciding whether an evidentiary hearing is necessary with regard to a postjudgment motion to change custody, the court must determine, by requiring an offer of proof or otherwise, whether there are contested factual issues that must be resolved in order for the court to make an informed decision on the motion.

The trial court in this case denied plaintiff's motion to change custody without holding an evidentiary hearing on the threshold issue of whether proper cause or a change of circumstances existed. The court, however, failed to adequately justify why such a hearing was not necessary, and the record belies that conclusion. See *Vodvarka*, 259 Mich App at 512; MCR 3.210(C)(8). First, this is plainly not a case where "the facts alleged to constitute proper cause or a change of circumstances [are] undisputed." *Vodvarka*, 259 Mich App at 512. While the parties agree that they struggle to coparent effectively, largely due to communication issues, they strongly dispute whether defendant is solely to blame for the coparenting issues and the impact of defendant's actions on his relationship with NGC, his ability to provide care for NGC, and NGC's emotional and mental health.

Second, the record makes clear that plaintiff's allegations were not so legally insufficient on their face that, if true, they would not constitute proper cause or a change of circumstances. See *id.* The bulk of plaintiff's allegations were based on defendant's alleged obstructionism and refusal to communicate with plaintiff and the GAL, and the trial court made clear that, based on the documents attached to plaintiff's motion, the exhibits attached to the GAL's report, and its own experience with the parties over the years, it did not believe that defendant was solely to blame for the parties' poor coparenting and communication issues. We do not dispute this finding because it is supported by the record. The trial court, however, entirely failed to address plaintiff's allegations regarding defendant's ability to provide for NGC and the substantial negative impact that defendant's behavior has had on NGC. For instance, plaintiff alleged that defendant repeatedly refused to take NGC to medical appointments, therapy appointments, and tutoring sessions if they were scheduled during his parenting time; failed to seek any medical care when NGC was seriously injured in an electric scooter accident; and got into two altercations with NGC. Plaintiff also alleged that defendant actively interfered with NGC's education and extracurricular activities by dropping NGC off at school without his necessary school supplies and refusing to provide them when asked, thereby keeping NGC from taking a scheduled exam; dropping NGC off at school in the wrong uniform and refusing to provide him with the correct one when asked by NGC, thereby subjecting NGC to possible reprimand for noncompliance; and dropping NGC off at lacrosse practice without any of his equipment and refusing to provide it to him when asked by NGC. According to plaintiff, NGC has significant anxiety regarding parenting time with defendant, has demonstrated bad behavior and poor grades at school, does not want to stay in defendant's home, and has turned to plaintiff for financial and emotional support with increasing frequency. If true, these allegations would constitute proper cause or a change of circumstances because they demonstrate something more than mere "normal life changes" and are relevant to several of the best-interest factors, including MCL 722.23(a) (love, affection, and other emotional ties between the parties and the child), (b) (capacity and disposition to give child love, affection, and guidance), (c) (capacity and disposition to provide child with food, clothing, medical care, or other remedial care), (h) (home, school, and community record), and (i) (reasonable preference of the child). See *Vodvarka*, 259 Mich App at 512-513. Thus, the trial court could not have denied plaintiff's motion, without holding an evidentiary hearing, by accepting "as true the facts allegedly comprising proper cause or a change of circumstances, and then decid[ing] if they are legally sufficient to satisfy the standard." *Id.* at 512.

Under MCR 3.210(C)(8), the trial court was required to decide whether an evidentiary hearing was necessary, "by requiring an offer of proof or otherwise," where—as here—the alleged

-4-

facts are disputed and the allegations, if true, would constitute proper cause and a change of circumstances. See *id*. Instead, the trial court summarily dismissed plaintiff's allegations without duly considering the necessity of an evidentiary hearing under MCR 3.210(C)(8). As a result, the trial court operated under the wrong legal framework and palpably abused its discretion. See *Kuebler*, ___ Mich App at ___; slip op at 7.

This error by the trial court was not harmless, and instead necessitates remand for an evidentiary hearing on the threshold issue of proper cause or a change of circumstances. See *Fletcher*, 447 Mich at 882. The record makes clear that "there are contested factual issues" regarding plaintiff's allegations that would warrant an evidentiary hearing under MCR 3.210(C)(8). There are messages, for instance, between the parties in which defendant refused to take NGC to a dentist appointment because he believed that plaintiff unilaterally rescheduled the appointment to his parenting time. The GAL addressed the issue in an email and noted that, after further investigation, she determined that plaintiff had not rescheduled the appointment. Despite this, defendant still refused to take NGC to the appointment, necessitating plaintiff to take NGC to the appointment instead. Defendant had also admitted at the motion hearing that he had called NGC a "bitch" and a "mama's boy" during an altercation that they had. There are also emails from the GAL indicating that NGC specifically requested that he attend his first day of school with plaintiff, despite that it fell on defendant's parenting time, due to his anxiety regarding defendant taking him to school. The emails also indicated that, pursuant to the recommendation of NGC's therapist, the frequency of NGC's therapy increased to weekly appointments due to his increased anxiety. Further, plaintiff has personal knowledge of some of her allegations, including her interactions with NGC, her provision of necessities that defendant had refused to supply, such as school supplies, uniforms, sports equipment, and transportation to medical appointments and extracurricular activities, and her facilitation of activities, such as lacrosse and weekend work as a golf caddy. Defendant disputes plaintiff's allegations and evidence, but this merely establishes that there are "contested factual issues that must be resolved in order for the court to make an informed decision on the motion." MCR 3.210(C)(8). We therefore conclude that the trial court palpably abused its discretion by failing to hold an evidentiary hearing, and we remand for an evidentiary hearing on whether proper cause or a change of circumstances warrants revisiting the existing custody arrangement. See MCR 3.210(C)(8); *Kuebler*, ___ Mich App at ___; slip op at 7.

Relatedly, we further instruct the trial court to expressly determine NGC's established custodial environment on remand. While the determination of a child's established custodial environment need not be addressed in a request to modify custody until after the threshold burden of proper cause or a change of circumstances has been shown, *Vodvarka*, 259 Mich App at 508-509, it is nonetheless necessary to determine the established custodial environment in a request to modify parenting time to ensure that the appropriate evidentiary standard is applied, *Stoudemire*, 344 Mich App at 44 (noting that "[a] mere adjustment in parenting time" only requires the movant to prove that the change is in the child's best interests by a preponderance of the evidence but that an adjustment in parenting time that would alter the child's established custodial environment "is effectively a change in custody" and "mandat[es] application of the higher clear-and-convincing-evidence standard under *Vodvarka*"). It is unclear from the existing record whether an established custodial environment existed with one or both of the parties, so this determination must be made on remand before the trial court can properly determine whether plaintiff's request to modify

parenting time should be treated separately from her request to modify custody. See *id*. at 48 (noting that a trial court's failure to make a finding regarding the existence of an established custodial environment necessitates remand "unless there is sufficient information in the record for this Court to make its own determination of this issue by de novo review") (quotation marks and citation omitted).

## IV. CONCLUSION

For the foregoing reasons, we vacate the trial court's order denying plaintiff's motion to modify legal custody and parenting time, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Mark T. Boonstra
/s/ Philip P. Mariani