*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NATHAN COLE SHIELDS,

        Plaintiff-Appellant,

v

KAYCEE JANE SHIELDS,

        Defendant-Appellee.

UNPUBLISHED
August 14, 2025
10:02 AM

No. 374794
Ionia Circuit Court
LC No. 2017-032747-DM

Before: O'BRIEN, P.J., and BOONSTRA and WALLACE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order following a de novo review of the referee's recommendation and order changing custody and parenting time. We affirm.

## I. BACKGROUND

Plaintiff and defendant have been divorced since 2018 and share one child, LES. The parties initially shared joint legal and physical custody, but that eventually changed, and plaintiff was awarded sole physical custody, though defendant was still permitted meaningful parenting time. In April 2023, the parties agreed to a new parenting-time schedule in mediation, and the trial court entered an order adopting that schedule. This new schedule provided that, during the school year, defendant would exercise parenting time from Thursday after school until Sunday at 6:00 p.m. every other week, and Wednesday after school till 7:00 p.m. every other week. During the summer, the schedule provided week-on, week-off parenting time.

In July 2024, plaintiff's house experienced a fire that rendered the home uninhabitable. As a result, plaintiff moved his family—which consisted of plaintiff, plaintiff's wife, LES, and four other children—into a hotel suite, then eventually into an RV that could sleep up to ten people, which plaintiff planned to store on his property. Plaintiff did not inform defendant about the fire or the conditions in which LES would be staying while with plaintiff because of the fire. When defendant learned of these things, she filed an emergency ex parte motion for a temporary change of parenting time on August 13, 2024. The motion alleged that LES was having a difficult time adjusting to the cramped living conditions in plaintiff's temporary home, and that, with school starting soon, it was in LES's best interests to have longer parenting times with defendant until

plaintiff's home was habitable again. Defendant further argued that the current situation constituted a change of circumstances or proper cause to revisit the current custody and parenting-time arrangement. The trial court entered an ex parte order on August 15, 2024, granting defendant extended parenting time and awarding plaintiff parenting time in accordance with "8th Circuit Policy." The court scheduled a hearing for September 9 to review its August 15 order and consider the remainder of defendant's motion.

At the September 9 hearing, the court heard arguments from the parties, then ruled that it would continue the temporary parenting-time schedule due to the instability of plaintiff's housing and his failure to communicate that instability to defendant. It added that the current schedule would be changed to a week-on, week-off schedule once plaintiff's home was habitable again. The court also set an evidentiary hearing to hear defendant's request for a permanent change of custody and parenting time because it believed that "the house fire and the loss of a . . . residence" combined with "all these other things happening" created a question of whether there had been a sufficient change of circumstances or other proper cause to revisit the current custody and parenting-time arrangement.

The hearing on defendant's request to change custody and parenting time occurred over two days in October 2024 before a referee. After the hearing, the referee entered a written order recommending that the parties' custody arrangement change to joint physical custody, legal custody remain joint, and that parenting time always be alternating weeks. At the start of the order, the referee found that defendant had presented sufficient evidence to show that there had been a change of circumstances or proper cause to revisit the parties' prior custody arrangement on the basis of plaintiff's house fire and his failure to communicate this fact to defendant, which demonstrated an "abject inability to put the child's needs above his own contempt for defendant." The referee also found that LES had an established custodial environment with both parents. Turning to the best-interest factors, the referee found that ten of the factors did not favor either party or favored both parties equally, and two factors weighed in defendant's favor. The referee accordingly concluded that defendant had met her burden of showing that a change of custody and parenting time was in LES's best interests.

Plaintiff objected to the referee's recommendation and order, contesting the referee's threshold finding of proper cause or a change in circumstances, and the referee's findings as to the best-interest factors. On de novo review, the trial court affirmed the recommendation and order, finding that the fire indeed satisfied the threshold requirement necessary to review the prior custody and parenting-time order because the fire caused substantial upheaval in plaintiff's home for several months, and, during this time, plaintiff refused to communicate with defendant to work together to find a solution that put LES's needs above plaintiff's own. The trial court also agreed with the referee's findings as to the best-interest factors, but it conducted its own best-interest analysis in which it explained that it weighed one of the factors differently than the referee did. Still, the court agreed with the referee's finding that defendant had proved that her request was in LES's best interests, so the court denied plaintiff's motion and affirmed the referee's recommendation. This appeal followed.

## II. STANDARDS OF REVIEW

Three standards of review apply in cases involving child-custody disputes—the trial court's factual findings are reviewed under the great-weight-of-the-evidence standard; the court's discretionary rulings are reviewed for an abuse of discretion; and the court's decisions on matters of law are reviewed for clear legal error. See *Kuebler v Kuebler*, 346 Mich App 633, 652-653; 13 NW3d 339 (2023); MCL 722.28. A finding of fact is against the great weight of the evidence if "the facts clearly preponderate in the opposite direction." *Kuebler*, 346 Mich App at 653 (quotation marks and citation omitted). A trial court in a child-custody case abuses its discretion when it renders a discretionary ruling that is "palpably and grossly violative of fact and logic." *Id*. (quotation marks and citation omitted). Clear legal error occurs when a trial court makes a mistake of law, such as misinterpreting or misapplying a statute. See *id*.

A trial court's threshold finding that a party demonstrated proper cause or change of circumstances is a factual finding, reviewed under the great-weight-of-the-evidence standard. *Stoudemire v Thomas*, 344 Mich App 34, 42; 999 NW2d 43 (2022). A trial court's findings as to an established custodial environment and individual best-interest factors are likewise factual findings, again reviewed under the great-weight-of-the-evidence standard. *Vodvarka v Grasmeyer*, 259 Mich App 499, 507; 675 NW2d 847 (2003). See also *Dailey v Kloenhamer*, 291 Mich App 660, 664; 811 NW2d 501 (2011).

## III. ESTABLISHED CUSTODIAL ENVIRONMENT AND THRESHOLD FINDING TO REVISIT PRIOR ORDER

Plaintiff's first argument on appeal is frankly difficult to follow, but we will do our best to decipher his arguments.

Plaintiff seems to contend that the trial court erred by altering the parties' parenting-time schedule in the August 15 order, and continuing that altered schedule following the September 9 hearing, without first considering whether the change in parenting time altered LES's established custodial environment. If this is indeed what plaintiff is arguing, his argument does not warrant appellate relief because he does not explain how the ordered parenting time altered LES's established custodial environment or otherwise affected custody. He also fails to explain how this supposed error impacted the order he challenges on appeal—the trial court's order changing custody and parenting time. Plaintiff cannot merely announce a position and leave it to this Court "to unravel and elaborate" his arguments for him. *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Accordingly, if this is the argument that plaintiff intended to make, he abandoned it by failing to adequately brief it.

At other points in plaintiff's brief, however, it seems that he is arguing that the referee erred by holding an evidentiary hearing on defendant's motion to change custody without first identifying LES's established custodial environment and determining whether defendant's requested change would affect that established custodial environment. If this is plaintiff's argument, it misunderstands the relevant law. As this Court has explained, the party requesting a change of custody "has the burden of proving by a preponderance of the evidence that either proper

cause or a change of circumstances exists[1] *before* the trial court can consider whether an established custodial environment exists (thus establishing the burden of proof) and conduct a review of the best interest factors." *Vodvarka*, 259 Mich App at 509. So, contrary to plaintiff's apparent contention, before the trial court could consider whether LES had an established custodial environment with either parent, it had to determine whether defendant had met the threshold showing required to revisit a prior custody order.

This is what the referee did following the two-day evidentiary hearing. In the order it entered after that hearing, the referee found that defendant had established proper cause or a change of circumstances to revisit the prior custody order on the basis of (1) the house fire that made plaintiff's home uninhabitable for several months and (2) plaintiff's failure to communicate this fact to defendant, despite how it negatively affected LES's wellbeing. Plaintiff requested a de novo review of this finding, and the trial court affirmed, essentially agreeing with both the referee's finding and the reasoning for that finding.

Plaintiff on appeal does not address the basis of the referee or the trial court's decision for this threshold finding, instead simply asserting variations of his belief that "there simply was no threshold showing that should have triggered a Child Custody Hearing." "When an appellant fails to address the basis of a trial court's decision, this Court need not even consider granting relief." *Seifeddine v Jaber*, 327 Mich App 514, 522; 934 NW2d 64 (2019). That aside, the court's finding that defendant had proved the threshold requirement necessary to revisit the court's prior custody determination was not against the great weight of the evidence.

"To protect children's stability, MCL 722.27 imposes a gatekeeping function on the trial court and provides standards that a moving parent must satisfy to change custody or parenting time." *Kuebler*, 346 Mich App at 668 (quotation marks and citation omitted). "As set forth in MCL 722.27(1)(c), when seeking to modify a custody or a parenting-time order, the moving party must first establish proper cause or a change of circumstances before the court may proceed to an analysis of whether the requested modification is in the child's best interests." *Lieberman v Orr*, 319 Mich App 68, 81; 900 NW2d 130 (2017). The requisite threshold showing differs depending on whether the moving parting is requesting to modify custody or parenting time. See *id*. Because defendant here sought to modify custody, she had to "prove by a preponderance of the evidence that 'since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed.' " *Id*. at 81–82, quoting *Vodvarka*, 259 Mich App at 512-513. "[T]he evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child." *Vodvarka*, 259 Mich App at 513-514. "[T]o establish 'proper cause' necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court." *Id*. at 512. "As is the case with a change of circumstances, '[t]he appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude

---

[1] At one point in his brief, plaintiff incorrectly states that defendant had to prove this threshold requirement by clear and convincing evidence.

to have a significant effect on the child's well-being.' " *Lieberman*, 319 Mich App at 82, quoting *Vodvarka*, 259 Mich App at 512.

Here, plaintiff's house became uninhabitable for several months due to a house fire. This caused plaintiff to move his family—which, including LES, consisted of seven individuals—to a hotel, then into an RV. LES thus went from having his own bedroom to sharing a hotel room (and later, an RV) with four children and two adults. Evidence was presented that these cramped living conditions and the lack of privacy affected LES's mental health, his ability to sleep, and his capacity to complete school work. This was clearly more than a normal life change, and the evidence showed that it had an effect on LES. We therefore conclude that the trial court's finding that the house fire constituted a change of circumstances sufficient to revisit its prior custody order was not against the great weight of the evidence.

But the court did not base its reasoning solely on the house fire; it found that plaintiff's refusal to communicate the house fire and the effects that it had on LES's living situation to defendant also met the threshold showing necessary to revisit the court's prior custody determination. A life event like a fire forcing a family out of their home for an extended period will obviously have an effect on a child's wellbeing. Yet, rather than communicating with defendant about the fire and working with her to do what was best for LES, plaintiff failed to tell defendant about the fire and his family's housing situation. This Court has previously held that one parent's withholding from the other parent information that affects the child's wellbeing is relevant to best-interest Factor (j)—"[t]he willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents," MCL 722.23(j)—because such conduct shows an unwillingness to include the other parent in the child's life. See *Safdar v Aziz*, 342 Mich App 165, 189-191; 992 NW2d 913 (2022). This was true of plaintiff's refusal to communicate with defendant—plaintiff's failure to tell defendant that LES would be living in a hotel suite or RV with six other people showed an unwillingness to include defendant in LES's life. Accordingly, the trial court's finding that defendant had proven the threshold requirement to revisit the parties' custody arrangement on the basis of plaintiff's failure to communicate the house fire to defendant was not against the great weight of the evidence.

## IV. BEST-INTEREST FACTORS

Plaintiff also challenges the referee's best-interest findings. This is curious because, in the trial court, plaintiff requested a de novo hearing, at which the trial court made its own findings as to the best-interest factors. It is true that, like the referee, the trial court found that best-interest Factors (c) and (j) favored defendant and the remaining factors were neutral, but, significantly, the trial court gave its own reasons for these findings. Plaintiff on appeal never challenges the trial court's best-interest findings or explains why those findings were supposedly wrong. As explained earlier, "[w]hen an appellant fails to address the basis of a trial court's decision, this Court need not even consider granting relief." *Seifeddine*, 327 Mich App at 522. Plaintiff's failure to address the trial court's findings—instead focusing exclusively on the referee's finding—precludes this Court from granting him relief.

But even addressing the trial court's finding on the factors that favored defendant, we would conclude that the trial court's findings were not against the great weight of the evidence.

-5-

The trial court found that Factor (c) favored defendant. Factor (c) considers the parents' capacities to provide basic care for the child. MCL 722.23(c). For this factor, the trial court found that both parents could provide for LES's basic needs because they were employed, provided for LES when he was in their respective care, and attended school events. But the court found it significant that, when defendant tried to obtain medical care for LES while in her care, plaintiff prevented her from doing so. Given this, the court concluded that Factor (c) favored defendant, but only slightly.

The referee, like the trial court, concluded that Factor (c) favored defendant because plaintiff "prevented" defendant from seeking medical care for LES while he was in defendant's care. Plaintiff takes issue with this finding, complaining that he could not "prevent" defendant from seeking medical care for LES while he was in her care because she had joint legal custody. This argument ignores the fact that, with joint legal custody, parents "*share* decision-making authority as to the important decisions affecting the welfare of the child," MCL 722.26a(7)(b) (emphasis added), which includes medical decisions, see *Shulick v Richards*, 273 Mich App 320, 327; 729 NW2d 533 (2006). And the medical treatment that defendant sought for LES was certainly not routine. After discovering that LES's hand was infected with glass still embedded in it from an accident he had while in plaintiff's care, defendant sought to accept a referral to a hand specialist. This was not the type of routine medical decision that defendant could unilaterally decide during her parenting time, and plaintiff could have—and did, according to the lower court's findings—prevent her from seeking it. The trial court found that this instance of plaintiff showing a disposition to prevent defendant from seeking medical care for LES was enough to *slightly* tip this factor in defendant's favor, and we see no basis to conclude that this finding was against the great weight of the evidence.

Next, the trial court found that Factor (j) favored defendant. Factor (j) considers how willing and able the parents are "to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents." MCL 722.23(j). This factor favors parents who are willing and able to foster the relationship between the child and the other parent "because it is presumed to be in the children's best interests to have a strong relationship with both parents." *Kuebler*, 346 Mich App at 686. Withholding or belatedly sharing information about the child and the child's well-being is evidence that a parent is not supporting the child's best interests under Factor (j). *Safdar*, 342 Mich App at 189-191.

The trial court found that the record was "replete" with instances of the parties' inability to communicate, and it found that this was rooted in "Plaintiff's animosity towards Defendant." The court therefore weighed this factor in favor of defendant.

The referee similarly found that the root cause of the parties' communication issues was plaintiff's distaste for defendant. On appeal, plaintiff contends that this finding was against the great weight of the evidence because both parties contributed to their communication issues and, at any rate, the parties' poor communication did not affect defendant's relationship with LES. Clearly, however, the trial court credited defendant's testimony that plaintiff was the cause of the parties' communication issues, and we defer to that determination. See *Kuebler*, 346 Mich App at 653. Additionally, contrary to plaintiff's argument, his failure to communicate with defendant showed an unwillingness to include defendant in the child's life, which is relevant for best-interest

Factor (j). See *Safdar*, 342 Mich App at 189-191. We accordingly hold that the trial court's finding that Factor (j) favored defendant was not against the great weight of the evidence.[2]

Affirmed.

/s/ Colleen A. O'Brien
/s/ Mark T. Boonstra
/s/ Randy J. Wallace

---

[2] Plaintiff makes several arguments in the "Conclusion" section of his brief that he does not make at any other point in his brief. We need not consider whether this alone is a reason to not consider these arguments because plaintiff abandoned the arguments by failing to support them with proper citation to authority. See *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 626-627; 750 NW2d 228 (2008).